IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LEXINGTON INSURANCE COMPANY, | ) | CIVIL NO. 10-00655 SOM/KSC |
|---|---|---|
| Plaintiff, | ) | ORDER TO SHOW CAUSE WHY VENUE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS |
| vs. | ) | |
| CENTEX HOMES and DOES 1-50, | ) | |
| Defendants. | ) | |

ORDER TO SHOW CAUSE WHY VENUE SHOULD NOT BE TRANSFERRED TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

On November 10, 2010, Plaintiff Lexington Insurance Company ("Lexington") filed its Complaint for Declaratory Relief, asking the court to rule that Lexington is not obligated to defend or indemnify its insured, Defendant Centex Homes ("Centex"), for certain losses allegedly suffered by homeowners in Centex's Kolea development on the Big Island of Hawaii. See ECF No. 1. In response, on February 18, 2011, Centex moved to compel arbitration and to dismiss or, in the alternative, to stay the lawsuit, pursuant to an arbitration provision in the parties' insurance agreement. See ECF No. 9.

Centex sought to compel arbitration in Dallas, Texas, the forum specified by the parties' arbitration agreement. See Mem. Supp. Centex's Mot. Dismiss or Stay Pl.'s Compl. & Compel Arbitration at 2-3, 5, 23; Residential Wrap-Up Commc'l Gen. Liab. Policy Claims Made Form ("Policy"), Section V, ¶ 18 ("The arbitration proceeding shall take place in the vicinity of the

Named Insured's address as shown in the Declarations or such other place as may be mutually agreed by the Named Insured and us."); Commc'l Gen. Liab. Policy - Claims Made Form Declarations ("Policy Declarations") at 1 (listing Centex's address as "P.O. Box 199000, Dallas, TX 75219").  While not disputing the validity of the arbitration provision, Lexington opposed the motion on the ground that the disputed issues fell outside the scope of the arbitration provision.  See Lexington's Opp. Centex's Mot. Dismiss or Stay Pl.'s Compl. & Compel Arbitration at 9-20.

On April 11, 2011, the court held a hearing on Centex's motion.  See Minutes, Apr. 11, 2011, ECF No. 20.  The court indicated that it was inclined to conclude that the disputed issues were arbitrable, but it was uncertain as to the scope of the arbitration order the court was empowered to enter.  The court discussed with the parties the question of whether the Federal Arbitration Act ("FAA") permits a district court in Hawaii to order arbitration in Texas.  See 9 U.S.C. § 4 (requiring that "[t]he hearing and proceedings, under such [arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed").  The court ordered the parties to submit simultaneous supplemental briefs on this issue.  See Minutes, Apr. 11, 2011; see also ECF No. 21.

Lexington's supplemental brief, primarily relying on Continental Grain Co. v. Dant & Russell, Inc., 118 F.2d 967 (9th Cir. 1941), argued that the Federal Arbitration Act grants the

2

court authority to compel arbitration only in Hawaii, the judicial district in which Centex's motion to compel was filed. See Lexington Supp. Br. at 4-7, ECF No. 25.  Centex argued that Continental Grain does not control the outcome of this case because, in Continental Grain, the plaintiff seeking to arbitrate in New York had voluntarily filed suit in Oregon, and the Ninth Circuit had therefore concluded that it was fair to bind the plaintiff to suit in Oregon, notwithstanding a forum selection clause designating New York.  By contrast, Centex argued, Centex, which is seeking an order compelling arbitration, is the defendant in this case and so has not sought out Hawaii as a forum.  See id. at 4-6.  Centex argued that the court was therefore free to order arbitration in Texas.  See id. at 5-6. In the alternative, Centex argued that the court should transfer the case sua sponte to the United States District Court for the Northern District of Texas.  Id. at 6-7.

As it indicated during the hearing, the court is inclined to conclude that the disputed issues in this case are all subject to arbitration.  However, the court agrees with Lexington that the court is precluded from ordering the parties to arbitrate outside of its jurisdiction.  The language of § 4 is plain:  "The hearing and proceedings . . . *shall be within* the district in which the petition for an order directing such arbitration is filed."  9 U.S.C. § 4; see Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843 (1984)

(explaining that the court's duty is to "give effect to the unambiguously expressed intent of Congress," when possible).

As noted above, in Continental Grain, the Ninth Circuit considered a petition filed in Oregon seeking to compel arbitration in New York, under a contract's forum selection clause. 118 F.2d at 968. Relying on the plain language of § 4, the Ninth Circuit affirmed the district court's order compelling arbitration in Oregon despite the designation of New York in the parties' agreement. See id. at 968-69. The court reasoned that "[p]rior to the enactment of the United States arbitration act (1925) such agreements could not be enforced in the courts of the United States," and so "Congress could attach any limitation it desired to the right to enforce arbitration in the federal courts." Id. at 969; see also Textile Unlimited, Inc. v. A..BMH & Co., Inc., 240 F.3d 781, 785 (9th Cir. 2001) (stating that § 4's "plain language" "confines the arbitration to the district in which the petition to compel is filed") (emphasis omitted). The Ninth Circuit has not addressed the situation in which the party seeking to compel arbitration is not the party that originally filed suit in a jurisdiction other than that agreed to by the parties. Nevertheless, if this court enters an order compelling arbitration, circuit precedent likely requires the court to order such arbitration within the District of Hawaii.

In the court's view, such an order, which contradicts the terms of a valid arbitration agreement, runs afoul of the FAA. "[P]assage of the Act was motivated, first and foremost, by

4

a congressional desire to enforce agreements into which parties had entered." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220 (1985); see also Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ., 489 U.S. 468, 474 (1989) (FAA's purpose was to place arbitration agreements "upon the same footing as other contracts") (quoting H.R. Rep. No. 96, 68th Cong., 1st Sess., 1, 2 (1924)).  In determining whether to compel a party to arbitration, the FAA limits the district court's role "to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008) (citation and quotation marks omitted). Furthermore, if the court determines that a valid arbitration agreement encompasses the parties' dispute, the FAA requires the court to enforce the arbitration agreement according to its terms.  See Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).  Indeed, § 4 confers upon parties--no less than twice--the right to obtain arbitration on the terms provided for in the parties' agreement. See 9 U.S.C. § 4 (permitting aggrieved parties to petition the court "for an order directing that such arbitration proceed *in the manner provided for in such agreement*" and directing that, upon proper motion, "the court shall make an order directing the parties to

proceed to arbitration *in accordance with the terms of the agreement*") (emphasis added).

As Centex points out, the parties' signed arbitration agreement contains a forum selection clause that selects Texas, not Hawaii, as the forum for arbitration. This strongly suggests to the court that Hawaii is not the proper venue to adjudicate a motion to compel arbitration under the parties' agreement. The Northern District of Texas, by contrast, would have the power to grant or deny such a motion in accordance with the parties' agreement.

Transfer of a case to cure improper venue is proper when the transfer would be "[f]or the convenience of parties and witnesses," and would also be "in the interest of justice." 28 U.S.C. § 1404(a). The events underlying this case occurred in Hawaii. Thus, Hawaii would undoubtedly be a convenient forum to resolve the parties' dispute. Nevertheless, the court finds it significant that the parties chose "the vicinity of the Named Insured's address" as the location of their putative arbitration. Lexington does not challenge the validity of the arbitration clause in any manner. The court therefore concludes that Dallas, Texas, has been deemed a convenient forum for arbitration by the parties. Moreover, given the freely negotiated forum selection clause in the insurance agreement, transferring the case to the agreed-upon location would be in the interest of justice. See

Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) ("[t]he presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in . . . resolution of the § 1404(a) motion in this case"); see also E.C. Ernst, Inc. v. Potlatch Corp., 462 F. Supp. 694 (S.D.N.Y. 1978) (stating that the Senate Committee on the Judiciary indicated that 9 U.S.C. § 4 was intended to require a party seeking to compel arbitration to apply to the proper court) (citing S. Rep. No. 536, 68th Cong., 1st Sess. 3 (1924)). Therefore, the court is inclined to order that this case be transferred to the Northern District of Texas for further proceedings. This transfer would cure the improper venue and would allow the receiving court to decide the issues raised by the pending motion without concern about overriding the parties' agreed-upon forum selection.

The court may transfer venue sua sponte. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). However, recognizing that Lexington has not yet had an opportunity to present its views on such a transfer, the court orders Lexington to SHOW CAUSE, by May 11, 2011, why this case should not be transferred to the Northern District of Texas. If Lexington chooses not to respond to this Order to Show Cause, the court will enter an order transferring the case, based on the analysis above.

Centex may address Lexington's response no later than May 25, 2011. The court does not intend to hold further hearings on this matter.

These briefs are limited to a maximum of 2000 words each.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 21, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Lexington Ins. Co. v. Centex Homes, Civ. No. 10-00655 SOM/KSC; ORDER TO SHOW CAUSE WHY VENUE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS